UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| TRUSTEES OF THE PIPEFITTERS LOCAL 537 PENSION FUND, ANNUITY FUND and HEALTH & WELFARE FUND,<br>    Plaintiffs,<br>v.<br><br>HVAC MECHANICAL SYSTEMS, INC.,<br>    Defendant. | )<br>)<br>)<br>)<br>) C.A. No. 04-10757-JLT<br>)<br>)<br>) |

**AFFIDAVIT OF DAMAGES AND TAXABLE COSTS**

Charles T. Hannaford, under penalties of perjury, hereby declares as follows:

1. I am the Administrator of the Pipefitters Local 537 Pension, Annuity and Health and Welfare Funds (the "Funds") and am the most senior person responsible for the day-to-day operation of the Funds.

2. In that capacity I am responsible for receiving the contributions due to the Funds from employers such as defendant that have entered into collective bargaining agreements with Pipefitters Local 537.  Pursuant to those agreements, signatory employers such as defendant have agreed to make contributions and payments to the Funds at specified hourly rates for each hour of work that their employees perform that is covered by the collective bargaining agreements.

3.  Defendant has failed to make contributions and payments to plaintiffs for hours of work performed by its employees, and the Funds have has calculated that defendant is delinquent in its contributions and payments due to the Funds based on those hours of work through July 2004 in the principal amount of $87,488.54.

4.  The collective bargaining agreements referenced above upon which defendant's contribution obligation is based provide for interest on delinquent contributions to be assessed at the rate of 3% per month, and such interest is also expressly mandated by law.  29 U.S.C. §1132(g)(2)(B).

5.  The Funds have calculated the interest charges on the principal amount that defendant owes to the Funds to date to be $33,515.18.

6.  The Funds' Plans of Benefits provide, in addition to interest, for liquidated damages to be assessed on delinquent contributions in the event the plaintiffs are required to sue to collect the delinquency, and such liquidated damages in the amount of 20% of the principal amount due are also expressly mandated by law.  29 U.S.C. §1132(g)(2)(C).

7.  The Funds have calculated the liquidated damages of 20% on the principal amount owed to be $17,497.70.

8.  The reasonable attorney's fees for instituting and prosecuting this action that are required by the relevant collective bargaining agreements and that are also expressly mandated by law, 29 U.S.C. §1131(g)(2)(D), are $700.00.

9.  The costs incurred by the plaintiffs in bringing this action consisting of filing and service fees total $199.96.

10.  The total amount owed to the Funds by defendants consisting of the

separate amounts listed in paragraphs 3 through 9 of this affidavit, totals $139,401.38.

    11.  The defendant is neither an infant and/or an incompetent person, nor in the military services of the United States.

    I declare under the penalties of perjury that the foregoing is true and correct this 23rd day of June 2005.

    /s/ Charles T. Hannaford
    Charles T. Hannaford, Administrator

## CERTIFICATE OF SERVICE

    I, Christopher N. Souris, hereby certify that I caused a copy of the foregoing to be mailed this date to HVAC Mechanical systems, Inc.

    /s/ Christopher N. Souris
    Christopher N. Souris